```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

**KARL VON DERHAAR**                                    **CIVIL ACTION**

**VERSUS**                                              **NO. 21-1653**

**MICHAEL STALBERT, ET AL.**                            **SECTION "B"(5)**

## ORDER AND REASONS

Before the Court are defendant City of New Orleans's motion to dismiss for failure to state a claim (Rec. Doc. 55), plaintiff's response in opposition (Rec. Doc. 56), and the City's reply in support of its motion to dismiss (Rec. Doc. 59).

For the reasons discussed below,

**IT IS ORDERED** that defendant City of New Orleans's motion to dismiss pursuant to Rule 12(b)(6) (Rec. Doc. 55) is **GRANTED IN PART**, dismissing plaintiff's retaliation claim without prejudice; and **DENIED IN PART** as to plaintiff's alleged failure to comply with the Magistrate Judge's Orders at Record Documents 45 and 49.

**IT IS FURTHER ORDERED** that plaintiff may seek leave to amend the complaint **no later than Monday, May 30, 2022.**

### I. FACTS AND PROCEDURAL HISTORY

This case arises from an alleged illegal search and seizure. Plaintiff Karl Von Derhaar is an adult resident of Louisiana who was employed as a criminalist at the New Orleans Police Department ("NOPD"). Rec. Doc. 53 at 2-3. While working at the NOPD, plaintiff became increasingly concerned about the efficacy, accuracy, and

1

safety of the crime lab's drug tests. *Id.* at 4. Specifically, plaintiff believed that the NOPD's equipment and tests could not differentiate between marijuana, an illicit substance in Louisiana, and hemp, a legal one. *Id.* Plaintiff was also concerned that criminalists were no longer performing confirmatory tests on drug samples, which ensure that testing is accurate. *Id.* at 5. Because these drug tests are routinely used as the basis for criminal drug convictions in New Orleans, plaintiff feared that inaccurate tests could lead to innocent persons being convicted of marijuana drug crimes. *Id.*

Plaintiff voiced his concerns to his immediate supervisor, Jamie Alexander, the QC Manager. *Id.* Thereafter, defendant Sergeant Michael Stalbert, NOPD crime lab supervisor and drug chemistry and crime technician, and defendant Kim Williams, NOPD crime lab supervisor, learned of plaintiff's concerns. *Id.* at 2, 5. The crime lab supervisors allegedly ignored plaintiff's concerns, and soon after, mandated that employees undergo drug testing as a condition of employment, using the drug testing methods plaintiff claims to be substandard. *Id.* at 5-6.

On September 2, 2020, plaintiff asked defendant Sergeant Stalbert to be placed on leave without pay. *Id.* at 6. The next day, defendants Stalbert, Williams, and Khalid Watson, an officer of the Third District of the NOPD, arrived at plaintiff's residence purportedly to conduct a "wellness check," claiming that plaintiff

2

had been "displaying erratic behavior." *Id.* According to plaintiff, defendants Stalbert, Williams, and Khalid Watson "forced their way inside [plaintiff's] residence" dressed in full NOPD uniform, in front of plaintiff's child, while plaintiff was in his underwear, and without a warrant or probable cause. *Id.* Defendants told plaintiff that he must go with them to submit to a drug test, even though allegedly he was on sick leave and not on duty. *Id.*

Plaintiff told defendants that he did not want to speak with them nor go with them anywhere, but defendant Williams insisted plaintiff must go to the Public Integrity Bureau ("PIB"), while defendants maintained possession of his cell phone. *Id.* at 6-7. Plaintiff inquired as to whether he was under arrest and defendants admitted he was not, but said he still must go to the PIB with them. *Id.* at 7. When plaintiff asked for his cell phone, defendant Williams replied, "you not gonna need it." *Id.* at 8. At one point, plaintiff overheard defendant Williams's phone call with Lieutenant Darryl Watson, another supervisor of the NOPD crime lab, where Darryl Watson stated "do a urinalysis test and he's being ordered. Put him on the clock, he's being ordered to come into work and take his test." *Id.* Defendant Stalbert then said to plaintiff,

> you are now on the clock, you're getting paid, you're being ordered to take a drug test and blood/alcohol/urinalysis test at PIB. The reason we are

3

> doing this is because of your behavior and we are concerned that you are harming yourself and your behavior and the acts that you have been exhibiting have been unique and not of your normal character.

*Id.* Plaintiff asked "if I quit right, now, do I have to come with you sir?" and defendant Williams replied affirmatively stating that plaintiff needed "to go up and sign the paperwork." *Id.* Plaintiff was then transferred to the toxicology and drug analysis laboratory at the PIB. *Id.* at 8-9.

To address this incident, plaintiff and defendant City of New Orleans entered into a written settlement agreement on June 16, 2021, in which the City agreed to pay plaintiff 9.5 months of past wages for the time period of September 3, 2020 through June 15, 2021, totaling $25,493.25. *Id.* at 9-10. To this date, defendant City of New Orleans has not paid the agreed upon settlement, which was due on or about June 16, 2021. *Id.* at 10.

Plaintiff filed a complaint in this Court on September 1, 2021, alleging that defendants violated the Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983 by conducting an unlawful arrest, search, and seizure. Rec. Doc. 1 at 9. Plaintiff also alleges that defendants violated Louisiana Civil Code Article 2315 and other Louisiana state laws related to kidnapping and false arrest. *Id.* at 10. Accordingly, plaintiff claims defendants are liable for general and special damages and attorney's fees and costs. *Id.*

On November 3, 2021, plaintiff submitted an opposed motion for leave to file first amended and supplemental petition for damages. Rec. Doc. 29. Plaintiff sought to add the claims that the City's failure to pay plaintiff the agreed upon settlement was retaliation for plaintiff deciding to file the instant suit on September 1, 2021, and that the City of New Orleans violated Louisiana state law by failing to pay the settlement agreement on time. Rec. Doc. 29-2 at 12. The Magistrate Judge granted and denied the motion in part, stating:

> Pursuant to Federal Rule of Civil Procedure 15, the proposed amendment to add a retaliation claim based on the City of New Orleans' alleged breach of a settlement agreement is proper and will be allowed. However, Count II of the proposed amended complaint also includes a claim for breach of that agreement that is expressly based on state law and seeks, not only specific performance under the agreement, but attorneys' fees and penalties for breach based on Louisiana statutory law. Such a claim is not appropriately brought in this matter, in which Plaintiff himself invokes only the United States Constitution and several federal statutes as jurisdictional bases. Accordingly, Plaintiff shall file a version of his Amended Complaint that excises the state-law claims for breach of the settlement agreement but maintains his retaliation claim based on that alleged breach.

Rec. Doc. 45. Plaintiff filed a new version of his amended complaint on January 6, 2022, but the Magistrate Judge again rejected plaintiff's leave to file a motion to amend complaint because the attached pleading still did not conform with the prior Order. *See* Rec. Docs. 47, 50. On January 11, 2022, plaintiff again filed a motion for leave to file amended complaint, and on February

5

1, 2022, the Magistrate Judge granted the Order and plaintiff's first amended and supplemental complaint was filed into the record that same day. *See* Rec. Docs. 50, 52-53. On February 15, 2022, defendant City of New Orleans filed the instant motion to dismiss for failure to exhaust administrative remedies under Title VII of the Civil Rights Act of 1964 and for failure to excise all allegations under state law for breach of the settlement agreement. Rec. Doc. 55.

**II. LAW AND ANALYSIS**

   **A. Rule 12(b)(6) Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met its burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and quotation marks omitted). Plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**B. Breach of Settlement Agreement Claim**

**1. Whether a 12(b)(6) Motion Was Proper to Address the Claim**

Defendant argues that plaintiff has not complied with the Court's prior orders to excise his state law claim for alleged breach of the settlement agreement. Rec. Doc. 55-1 at 3; Rec. Doc. 59 at 2. Accordingly, defendant suggests that "the entirety of Plaintiff's First Amended and Supplemental Petition for damages would be stricken." Rec. Doc. 55-1 at 3. Plaintiff counters by suggesting "a motion to dismiss is not the appropriate vehicle for Defendant's untimely arguments." Rec. Doc. 56 at 3. Nevertheless, he fails to cite any case law on this issue, as defendant is quick to point out. *See id.; see also* Rec. Doc. 59 at 4-5.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for failure to state a claim upon which

relief can be granted and that this type of motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(6). However, in arguing that plaintiff "failed to excise all portions of the second count in his First Amended and Supplemental Petition for damages . . . as mandated by this Court in its Order (Doc. 45) dated December 1, 2022 and its Order (Doc. 49) dated January 10, 2022," defendant does not argue that plaintiff failed to state a claim. *See* Rec. Doc. 55-1 at 1-2. Instead, defendant essentially asserts that plaintiff did not comply with the Court's prior Orders. *See id.*

Nevertheless, by granting plaintiff's motion for leave to file first amended and supplemental petition for damages on February 1, 2022, the Magistrate Judge endorsed plaintiff's amended complaint as complying with the Court's prior orders. *See* Rec. Docs. 52, 50-2, 53, 45, 49. Thus, in insisting that plaintiff's first amended and supplemental complaint does not comply with the Orders at Record Documents 45 and 49, defendant suggests that the Magistrate Judge should not have granted plaintiff's third motion for leave to file a first amended and supplemental petition for damages. *See* Rec. Doc. 55-1; Rec. Doc. 59. Accordingly, the Court construes defendant's motion to dismiss pursuant to Rule 12(b)(6) for plaintiff's failure to excise all portions of his demand for compensation, attorneys' fees, and penalties for breach of the settlement agreement as a motion to

review the Magistrate Judge's Order granting plaintiff's motion for leave to file first amended complaint. *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (affirming the district court's decision to construe the defendants' motion to dismiss as another motion); *McPherson v. Rankin*, 736 F.2d 175, 177 (5th Cir. 1984) (acknowledging district court's decision to consider a motion to dismiss pursuant to 12(b)(6) as a motion for summary judgment); *Miller v. Univ. of Tex. Med. Branch*, No. 6:19-CV-288-JDK-JDL, 2019 WL 3323272, at *1 (E.D. Tex. July 24, 2019) (acknowledging the court's ability to construe plaintiff's motion as an objection to the Magistrate Judge's order); *Faggin v. Holinday*, No. 09-4623, 2009 WL 2899804, at *1 (E.D. La. Sept. 1, 2009) (deciding to construe plaintiff's motion as another motion).

### 2. Reviewing the Magistrate Judge's Order

Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine non-dispositive pre-trial orders. *See Merritt v. Int'l Brotherhood of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. 1981); *see also* Fed. R. Civ. P. 72(a) (providing that a magistrate judge may hear and decide "a pretrial matter not dispositive of a party's claim or defense"). Courts often consider motions for leave to amend to be non-dispositive. *See Dalrymple v. U.S. Postal Serv.*, No. 18-14237, 2020 WL 1181845, at *2 (E.D. La. Mar. 12, 2020) (finding that a magistrate judge's grant of leave to amend a complaint is a non-dispositive matter under Rule 72(a)

and listing cases concluding same); *Ordemann v. Unidentified Party*, No. 06-4796, 2008 WL 695253, at *1 (E.D. La. Mar. 12, 2008) (acknowledging that motions for leave to amend are non-dispositive in nature). "A party may object to a magistrate judge's order, but must do so within fourteen days or risk waiver." *Leonard v. Martin*, 2021 WL 3201369, at *1 (M.D. La. July 28, 2021) (citing Fed. R. Civ. P. 72(a)).

When reviewing a magistrate judge's ruling on a non-dispositive motion, district courts apply a "clearly erroneous" standard. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). This standard requires the court to "affirm the decision of the magistrate judge unless on the entire evidence the court is left with a definite and firm conviction that a mistake has been committed." *Moody v. Callon Petroleum Operating Co.*, 37 F. Supp. 2d 805, 807 (E.D. La. 1996) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Barrios v. State Farm Fire & Cas. Co.*, No. 07-47, 2008 WL 11353659, at *1 (E.D. La. Nov. 10, 2008); *White v. Fla. Marine Transporters, Inc.*, No. 11-1161, 2012 WL 1995798, at *2 (E.D. La. June 4, 2012).

Here, the Magistrate Judge's decision to grant plaintiff's motion for leave to file first amended and supplemental petition

for damages, was neither clearly erroneous nor contrary to law. *See* Rec. Doc. 52.[1] The Magistrate Judge's prior Order states that plaintiff "shall file a version of his Amended Complaint that excises the state-law claims for breach of the settlement agreement but maintains his retaliation claim based on that alleged breach." Rec. Doc. 45. Plaintiff filed a new motion for leave to file an amended complaint on January 6, 2022, but the Magistrate Judge rejected the proposed complaint because "Count II is still present" and "the claim remains the same in substance." Rec. Doc. 49. On January 11, 2022, plaintiff filed a new motion for leave to file amended complaint, which the Court granted on February 1, 2022. *See* Rec. Docs. 50, 52. Plaintiff's amended complaint, which has since been filed into the record, is still similar in substance to plaintiff's prior proposed complaints, but does not necessarily conflict with the Magistrate Judge's initial orders. *Compare* Rec. Doc. 53, *with* Rec. Docs. 45, 49.

Although the allegation that "PETITIONER KARL VON DERHAAR is entitled to the settlement funds agreed upon of $25,493.25" could be construed as a cause of action for breach of settlement agreement, it could also serve to describe plaintiff's retaliation claim as the Magistrate Judge allowed for in his prior order. *See*

---

[1] Additionally, defendant's motion is timely as it was filed within fourteen days of the Magistrate Judge's Order. *See* Rec. Doc. 52 (filed on February 1, 2022); Rec. Doc. 55 (filed on February 15, 2022); *see also* Fed. R. Civ. P. 72(a).

11

Rec. Docs. 45, 53. Plaintiff's entitlement to settlement agreement funds helps to explain plaintiff's claim that defendant allegedly did not pay plaintiff the amount owed as retaliation for filing the instant suit.

Accordingly, the Magistrate Judge's decision to grant plaintiff's third motion for leave to file first amended and supplemental petition for damages was not "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A). Plaintiff's complaint should not be construed as including a claim for an alleged breach of the settlement agreement; instead, it includes a claim alleging defendant retaliated against plaintiff by not paying the settlement agreement funds due to plaintiff's decision to file the instant suit.[2]

**C. Retaliation Claim**

Defendant argues that plaintiff's retaliation claim should be dismissed because plaintiff has not exhausted administrative remedies required under Title VII of the Civil Rights Act of 1964. Rec. Doc. 55-1 at 4. However, plaintiff asserts that he "alleged retaliation, as a factual assertion, not within the scope of Title VII, but instead in connection to the settlement agreement reached between Mr. Von Derhaar and the City." Rec. Doc. 56 at 4. Defendant

---

[2] It is also worth acknowledging that defendant never opposed plaintiff's third motion for leave to file a first amended and supplemental petition for damages, even though the Magistrate Judge did not rule on plaintiff's motion until about three weeks after it was filed. *See* Rec. Docs. 50, 52.

replies that plaintiff must bring his retaliation claim under Title VII because "the City is only aware of two federal causes of action for employment-related retaliation" and "Plaintiff is obviously not making a claim pursuant to the Age Discrimination in Employment Act of 1967 [ADEA]." Rec. Doc. 59 at 6.

According to plaintiff's first amended and supplemental petition for damages, it is unclear which law forms the basis for plaintiff's retaliation claim. *See* Rec. Doc. 53. His complaint merely states, "THE CITY OF NEW ORLEANS failed to pay PETITIONER KARL VON DERHAAR past wages in **retaliation** after the filing [of] this lawsuit." Rec. Doc. 53 at 10. Plaintiff denies that this retaliation claim is within the scope of Title VII, but does not specify which law does apply. *See id.; see also* Rec. Doc. 56 at 4. In the Order granting in part and denying in part plaintiff's first motion to amend complaint, the Court states that "Plaintiff himself invokes only the United States Constitution and several federal statutes as jurisdictional bases." Rec. Doc. 45. Thus, at minimum, plaintiff seems to bring his retaliation claim under federal law. *See id.; see also* Rec. Doc. 53 at 2 (invoking only federal question jurisdiction).

Defendant suggests that because federal law applies, plaintiff may only bring his retaliation claim under Title VII or the ADEA. Rec. Doc. 59 at 6. However, defendant ignores that there are other federal bases for asserting a retaliation claim. *See,*

13

*e.g.*, *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 455 (2008) (finding that 42 U.S.C. § 1981 "encompasses retaliation claims" and acknowledging that § 1981 does not contain the same procedural and administrative requirements as Title VII claims); *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209-10 (5th Cir. 2021) (acknowledging that a plaintiff may bring a retaliation claim under § 1981); *Johnson v. Halstead*, 916 F.3d 410, 422 (5th Cir. 2019) (acknowledging plaintiff's ability to bring a retaliation claim under the First Amendment). Nevertheless, notwithstanding defendant's incorrect assumption that plaintiff may only bring his retaliation claim under Title VII, plaintiff still fails to state a cause of action for retaliation.

Despite analyzing plaintiff's complaint in its entirety and in the light most favorable to plaintiff, it is too difficult to ascertain under which law plaintiff brings his retaliation claim, and thus, whether plaintiff plausibly alleged a retaliation cause of action. *See* Rec. Doc. 53. Some courts have been able to determine which law governs a plaintiff's retaliation claim without the plaintiff specifying it in the complaint. *See, e.g.*, *Johnson v. Manpower Pro. Servs., Inc.*, 442 F. App'x 977, 980 n.2 (5th Cir. 2011) (recognizing that plaintiff failed to specify the law under which he brings his retaliation claim in his complaint, but treating the claim as one under the Fair Labor Standards Act (FLSA) because plaintiff admitted in his brief that his claim arose

14

under FLSA). Others have been able to easily address whether plaintiff states a claim for retaliation under multiple possible statutes. *See, e.g.*, *Guidry v. Allstate Fire Cas. Ins. Co.*, No. 18-6660, 2019 WL 1002537, at *2 (E.D. La. Mar. 1, 2019) (recognizing that "plaintiffs do not specify in their complaint whether they bring their retaliation claim under state or federal law, but deciding to address whether plaintiffs have plausibly alleged a claim for retaliation under any" relevant statute).

However, sometimes the speculation required to ascertain plaintiff's cause of action requires dismissal of the claim. *See, e.g.*, *Fountain v. New Orleans City*, No. 18-145, 2018 WL 3475375, at *1 (E.D. La. July 19, 2018) (dismissing plaintiff's complaint because defendant was forced to speculate as to which federal whistleblower protection laws give rise to plaintiff's claims and stating that "[t]he Court refuses to engage in such guesswork"); *see also Ashcroft*, 556 U.S. at 678 (stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). The Court finds that in this case, ascertaining whether plaintiff properly pleaded a retaliation claim requires too much guesswork.

It is possible that plaintiff endeavored to bring a retaliation claim under 42 U.S.C. § 1981 or under the First Amendment through § 1983, which would not require plaintiff to

exhaust the same administrative remedies as a Title VII claim. However, plaintiff's complaint does not mention § 1981 nor the First Amendment. *See* Rec. Doc. 53; *cf. Mitchell v. Weyerhaeuser Co.*, No. 10-1240, 2014 WL 1029991, at *2 (W.D. La. Mar. 17, 2014) (finding plaintiff sufficiently stated a § 1981 claim, and put defendant on notice of it, when plaintiff's complaint included § 1981 as a basis for defendant's violation). Moreover, even if defendant was on notice that plaintiff was bringing a retaliation claim under § 1981 or the First Amendment by stating "THE CITY OF NEW ORLEANS failed to pay PETITIONER KARL VON DERHAAR past wages in **retaliation** after the filing [of] this lawsuit," plaintiff has not pleaded sufficient facts under those causes of action. *See Wilson v. Tregre*, 787 F.3d 322, 325 (5th Cir. 2015) (requiring a public employee to show that "(1) he suffered an adverse employment action; (2) he spoke as a citizen on a matter of public concern; (3) his interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action," to succeed in a First Amendment retaliation claim under § 1983); *Rivera v. Townsquare Media Broad., LLC*, 309 F. Supp. 3d 441, 449 (W.D. Tex. 2018) (citing *Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016)) (requiring plaintiff establish "(1) he engaged in protected activity; (2) his employer took a materially adverse action against him; and

(3) a causal link exists between his protected activity and the adverse action" to find a retaliation claim under § 1981). Accordingly, plaintiff must clarify with specificity which federal law forms the basis for his retaliation claim before he can proceed with that cause of action.[3]

New Orleans, Louisiana this 4th day of May, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] As discussed previously, plaintiff denies bringing a retaliation claim under Title VII. *See* Rec. Doc. 56 at 4. Accordingly, the Court need not address whether plaintiff has exhausted administrative remedies under Title VII. To the extent that plaintiff seeks to bring a retaliation claim under Title VII, he must first exhaust administrative remedies. *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 378-79 (5th Cir. 2019).