**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**KARL VON DERHAAR**                                              **CIVIL ACTION**

**VERSUS**                                                        **NO. 21-1653**

**MICHAEL STALBERT, ET AL.**                                      **SECTION "B"(5)**

<u>**ORDER AND REASONS**</u>

Before the Court are defendant the City of New Orleans' motion to dismiss for lack of subject matter jurisdiction (Rec. Doc. 93), defendant Michael Stalbert's adopted motion to dismiss for lack of subject matter jurisdiction (Rec. Doc. 101), plaintiff's opposition (Rec. Docs. 135, 136), defendant City of New Orleans' reply (Rec. Doc. 171), and defendant Stalbert's adopted reply (Rec. Doc. 175).[1] For the following reasons,

**IT IS ORDERED** that the defendants' motions to dismiss for lack of subject matter jurisdiction (Rec. Docs. 93 and 101) are **DENIED.** The amended complaint asserts cognizable claims under 42 U.S.C. § 1983 and applicable state law. This ruling does not foreclose consideration of qualified immunity and other claims made by these and other defendants.

---

[1] Defendant Michael Stalbert adopted the City of New Orleans' motion to dismiss and its reply as his own. Rec. Doc. 101-1; 175-1 (adopted motions). Plaintiff unexplainably filed identical responses to defendants' motions. Rec. Docs. 135, 136. Because the motions appear to be identical, and for the sake of parsimony, this Court will only address the arguments once.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Karl Von Derhaar ("plaintiff") was a Criminologist analyzing drug samples for the New Orleans Police Department ("NOPD") from October 28, 2018 until September 3, 2020. Rec. Doc. 53 at 3; Rec. Doc. 93 at 1. Plaintiff routinely made complaints about the adequacy and safety of the NOPD crime lab's tests and equipment, but the complaints routinely fell on deaf ears. Rec. Doc. 53 at 3; Rec. Doc. 93 at 2.

On September 2, 2020, plaintiff asked his supervisor, defendant Sgt. Michael Stalbert, if he could be placed on leave without pay. Rec. Doc. 53 at 6; Rec. Doc. 93 at 6. Plaintiff's reasoning for this request is that he was experiencing "guilt and anguish" from his unheard complaints and the lab's inadequate testing. Rec. Doc. 53 at 6.

The next day, defendants Stalbert and Lt. Kim Williams, the Supervisor of the NOPD crime lab, traveled to plaintiff's home to conduct a "wellness check" because of plaintiff's alleged "erratic behavior" at work. Rec. Doc. 53 at 6; Rec. Doc. 93 at 2. Defendants made their way inside plaintiff's home and informed him that he was being forced to go into work to submit a drug test. Rec. Doc. 53 at 6-7. In defendants' subsequent removal of plaintiff from his home and into a police car, plaintiff was frisked and was not allowed to bring his cell phone. *Id.* at 7. Plaintiff was driven

from his home to the Public Integrity Bureau ("PIB"), forced to clock into work, and ordered to take a drug test. *Id.* at 7-9.

On February 1, 2022, plaintiff filed his First Amended and Supplemental Complaint alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution, as well as a violation of 42 U.S.C. § 1983 and various state law claims. Rec. Doc. 53 at 9. On October 6, 2022, defendant City of New Orleans (the "City") filed a motion to dismiss, alleging that this Court does not have subject matter jurisdiction over this case. Rec. Doc. 93 at 1; Rec. Doc. 101-1 (Stalbert's adopted motion).

## II. LAW & ANALYSIS

### A. This Court has federal question subject matter jurisdiction over this case.

#### 1. Standard of Review

Federal district courts may have subject matter jurisdiction over a case through 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Federal district courts have federal question jurisdiction over a case that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, a federal district court has federal question jurisdiction if the plaintiff's well-pled complaint alleges a claim "arising" under the United States Constitution or federal law. *See Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (quoting *Franchise*

*Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)).

Alleged violations of rights under the U.S. Constitution or 42 U.S.C. § 1983 implicate federal question jurisdiction. *See Google, Inc. v. Hood*, 822 F.3d. 212, 221 (5th Cir. 2020). However, a plaintiff's federal cause of action must also be supported by adequate factual allegations to make the claim plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (U.S. 2009); *see also Smith v. Bank One Corp.*, 03-3372, 2004 WL 1274480, at *2 (E.D. La. June 7, 2004) (conclusory allegations that "conduct violates civil and constitutional rights does not satisfy the well-pleaded complaint rule"). For example, in *Mestayer v. City of New Orleans*, this Court had federal subject matter jurisdiction over a case because plaintiff's complaint was well-pled and brought pursuant to 42 U.S.C. § 1983. 19-14432, 2020 WL 1903998, at *3 (E.D. La. April 17, 2020); *compare with Louisiana State Bd. of Medical Examiners v. Feldman*, 14-2744, 2014 WL 7342614, at *2 (E.D. La. Dec. 22, 2014) (court did not have federal question jurisdiction because complaint alleged violation of state law and not § 1983 or other constitutional claims).

A federal district court can also have subject matter jurisdiction over state law claims through supplemental jurisdiction. *See* 28 U.S.C. § 1367. A federal district court will have subject matter jurisdiction over a plaintiff's state law

claims if they "'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case.'" *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-65, (U.S. 1997) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

## 2. Plaintiff's complaint alleges claims arising under the U.S. Constitution and federal law.

On its face, plaintiff's amended complaint is well-pled and pleads constitutional and federal causes of action, thus, this Court has subject matter jurisdiction.

Plaintiff's amended complaint claims that his Fourth Amendment rights were violated by the defendants via an alleged unreasonable search and seizure of the plaintiff and his property. Rec. Doc. 53 at 1-2; 9. Plaintiff's amended complaint also clearly claims a violation of his Fourteenth Amendment rights when defendants allegedly deprived plaintiff of his liberty without due process of law. *Id.* These claims were also well-pled because the plaintiff details how defendants allegedly entered his home, searched it and his person, and seized his person and phone without probable cause, a warrant, or due process. *Id.* at 2, 6, 7-8. Plaintiff also avers that the defendants violated 42 U.S.C. § 1983 and claimed that defendants carried out the alleged violations of

plaintiff's rights under the color of the statutes, ordinances, regulations, customs, or usages of Louisiana and New Orleans. *See id.* at 2-3. Accordingly, this Court has subject matter jurisdiction over this matter through 28 U.S.C. § 1331, federal question jurisdiction because the plaintiff's well-pled complaint avers claims arising under the Constitution and federal law. *Google*, 822 F.3d. at 221 (5th Cir. 2020); *see also Mestayer*, 2020 WL 1903998, at *3.

Even if plaintiff made worker's compensation claims, this Court could exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. Since this Court has subject matter jurisdiction over plaintiff's claims arising under the Constitution and federal law, this Court has the power to exercise supplemental jurisdiction over state claims because they derive from a "common nucleus of operative fact" with plaintiff's federal and constitutional claims. *United Mine Workers*, 383 U.S. at 725. Specifically, plaintiff's claims, although occurring outside and inside the workplace, derive from work-related incidents. *See id.* at 2, 6, 7-8.

New Orleans, Louisiana this 10th day of November, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE