UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KARL VON DERHAAR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1653** |
| **MICHAEL STALBERT, ET AL** | **SECTION "B"(5)** |

## ORDER AND REASONS

Before the Court is defendant Lieutenant Darryl Watson's ("Watson") motion to stay proceedings during appeal. Rec. Doc. 300. Plaintiff Karl Von Derhaar ("Von Derhaar") and the other remaining defendant, Michael Stalbert ("Stalbert") have not filed any responses to the motion.[1] For the following reasons,

**IT IS ORDERED** that defendant Darryl Watson's motion to stay proceedings during appeal (Rec. Doc. 300) is **GRANTED.**

**IT IS FURTHER ORDERED** that the trial scheduled for Monday, July 28, 2025, and deadlines for submission of certain pretrial materials are hereby **CANCELLED**. See Rec. Docs. 299 and 304. Parties' submissions to date may be used for future applications.

**IT IS FURTHER ORDERED** that this case is **STAYED** and **ADMINISTRATIVELY CLOSED**, without prejudice to being timely reactivated upon resolution of the defendant's appeal. See Rec. Doc. 298. Subject to action by the circuit court, a motion to re-open this case shall be

---

[1] In his motion, Darryl Watson mentions that defendant Stalbert has no objection to the requested stay, however plaintiff opposes a stay of the district court proceedings. *See* Rec. Doc. 300-1 at 1.

1

filed within **thirty calendar days** of a resolution and mandate issued by the Fifth Circuit Court of Appeals. **Failure to timely comply with the latter directive may lead to sanctions.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 13, 2025, defendant Darryl Watson filed a motion for judgment on the pleadings, or, in the alternative, motion for summary judgment based on qualified immunity. Rec. Doc. 277. On July 17, 2025 a hearing with oral argument was held on the motion for summary judgment. The motion was granted as to plaintiff's search claim against Watson, and denied relative to plaintiff's seizure claim. Rec. Docs. 294 and 299. Defendant's motion for judgment on the pleadings was dismissed as moot. Rec. Doc. 294. That same day Watson filed his initial notice of appeal. Rec. Doc. 295. An amended notice of appeal was filed the next day, July 18, 2025. Rec. Doc. 298. Additionally, the instant motion to stay proceedings was filed. Rec. Doc. 300. Trial was set to commence on July 28, 2025.

## LAW AND ANALYSIS

### I. Jurisdiction

A district court retains jurisdiction to address a movant's motion to stay pending appeal, where a notice of appeal has been filed before the request to stay proceedings. *See In re Miranne*, 852 F.2d 805, 806 (5th Cir. 1988)). Here, Watson has filed a notice appeal before his request to stay proceedings, however, this Court nevertheless maintains jurisdiction to address the instant motion.

### II. Motion to Stay Pending Appeal

Defendant Darryl Watson contends that the denial of the motion for summary judgment on qualified immunity should result in a stay of the seizure claim against him, as well as a stay on the remaining claims in this case. See Rec. Doc. 300-1 at 2. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket

with economy of time and effort for itself, for counsel, and for litigants." *Langiano v. City of Fort Worth, Texas*, 131 F.4th 285, 290 (5th Cir. 2025) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

"Under the collateral order doctrine, a small class of interlocutory orders that (1) conclusively determine, (2) important issues, which are separate from the merits of the action, and (3) which would be effectively unreviewable on appeal from a final judgment, are deemed 'final' for purposes of appeal." *Cantu v. Rocha*, 77 F.3d 795, 802 (5th Cir. 1996) (citing *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, (1993); *see also Doe v. Ferguson*, 128 F.4th 727, 733 (5th Cir. 2025). "Interlocutory appeal is the exception, not the rule." *Id.* "Appeals from district court orders denying summary judgment on the basis of qualified immunity are immediately appealable under the collateral order doctrine, when based on an issue of law." *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Hale v. Townley*, 45 F.3d 914, 918 (5th Cir.1995); *Sorey v. Kellett*, 849 F.2d 960 (5th Cir.1988)). "[O]rders are based on an issue of law when they concern only application of established legal principles, such as whether an official's conduct was objectively reasonable in light of clearly established law, to a given (for purposes of appeal) set of facts." *Id.* (citing *Johnson v. Jones*, 515 U.S. 304, 311 (1995)). "Orders that resolve a fact-related dispute of 'evidence sufficiency', i.e. which facts a party may, or may not, be able to prove at trial, however, are not immediately appealable and must await final judgment." *Id.* (some internal marks omitted).

Here, defendant Watson argues entitlement to qualified immunity because he was not physically present during the incident where plaintiff alleges his constitutional rights were violated. See Rec. Doc. 277-1 at 5-8. In denying the motion for summary judgment as to plaintiff's seizure claim, this Court found a reasonable juror could find that Darryl Watson's directive over

3

the speakerphone to Kim Williams to "tell [plaintiff Von Derhaar] he's being put back on the clock, he's being ordered to come into work to take this test" was the causal connection that led to the alleged seizure of plaintiff. See Rec. Doc. 294 at 3; 8-10. The evidence in the record, namely, the body camera footage suggests that before giving the directive, Watson was aware that plaintiff expressed objections to being taken to PIB to submit to drug testing. *Id.* at 8-10. Thus, Watson's ordering plaintiff from his home to come to PIB would, if proven, constitute a violation of plaintiff's clearly established rights to be free from an unreasonable seizure. *See Turner v. Lieutenant Driver*, 848 F.3d 678, 696 (5th Cir. 2017) ("Personal involvement of supervising personnel generally includes giving a 'command, signal, or any other form of direction to the officers that prompted' the detention or arrest."). Although Watson's motion to stay pending appeal does not explicitly state that he seeks review on the Court's legal application of qualified immunity, his summary judgment arguments raised several genuine issues of material fact that should be reserved to the jury, precluding the grant of qualified immunity on the seizure claim. Nevertheless, the Court weighs whether Watson has met the *Nken* factors required to grant a stay of the proceedings in the district court. *See Nken v. Holder*, 556 U.S. 418 (2009).

In deciding whether to issue a stay of proceedings, the court must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the public interest lies. *Diaz v. Stephens*, 731 F. 3d 370, 379 (5th Cir. 2013) (citing *Green v. Thaler*, 699 F.3d 404, 411 (5th Cir. 2012) (quoting *Nken*, 556 U.S. at 434)). "The first two factors of the traditional standard are the most critical." *Nken*, 556 U.S. at 434. The third and fourth *Nken* factors do not defeat the stay request in light of the Court's weighing of "the most critical" first two factors. *Nken*,

4

556 U.S. at 434. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [judicial] discretion." *Diaz v.* Stephens, 731 F.3d 370, 374 (5th Cir. 2013) (citing *Green*, 699 F.3d at 411).

### A. Defendant Lt. Watson presents a substantial case on the merits, weighing in favor of a stay of the proceedings

As to the first *Nken* factor, Watson, "need not . . . show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023) (alterations omitted) (internal quotation marks and citation omitted). Whether Watson is entitled to qualified immunity presents a serious legal question. If we proceed to trial and a jury renders a verdict against him while his appeal is still pending, the purported entitlement to qualified immunity would effectively be lost. *See Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (citation omitted) ("Because qualified immunity is an immunity from suit, not merely a defense to liability, 'it is effectively lost if a case is erroneously permitted to go to trial.' "). This factor weighs in favor of granting a stay pending appeal.

### B. The likelihood of irreparable injury to defendant Watson absent a stay weighs in favor in granting a stay of the proceedings

Watson argues that "[t]o proceed to trial on these remaining claims will necessarily require the parties to put on evidence that impacts the § 1983 claim on appeal." Rec. Doc. 300-1 at 2. Thus, if a stay is not granted and Watson's appeal is not successful, he will be required to essentially go through trial twice in the same case. See *id.* He further contends that any testimony at trial could be used against him in a subsequent trial of plaintiff's claims. *Id.* The Court agrees that plaintiff's claims against Watson and co-defendant Stalbert are so intertwined with such that

5

they cannot be tried without impacting Watson's claim before the Fifth Circuit. *Id.* Similar to the reasoning in the first *Nken* factor, this factor weighs in favor of granting a stay. *See Ramirez*, 3 F.4th at 133.

### C. The Court can only speculate that the issuance of a stay will substantially injure the other parties interested in the proceeding, weighing moderately in favor of granting a stay

It appears that parties are ready for trial as these proceedings have been pending in federal court for almost four years. However, plaintiff has not filed a formal opposition to the instant motion, and the Court declines to speculate whether granting a stay will substantially injure him. Any prejudice could be mitigated by the assignment of recoverable costs and fees wherever applicable. As to the other remaining defendant, Michael Stalbert, it appears that he does not oppose the stay request since no formal response to the instant motion was filed by him. Thus, the third *Nken* factor weighs in favor of granting a stay.

### D. The public interest factor weighs moderately against granting a stay

Finally, the fourth *Nken* factor weighs moderately against granting a stay pending resolution of Watson's appeal to the appellate court. Although there is "a strong public interest in protecting public officials from the costs associated with the defense of damages actions," there is also a public interest in deterring unlawful conduct by government officials "[w]here the official could be expected to know that certain conduct would violate . . . constitutional rights[.]" *See Crawford-El v. Britton*, 523 U.S. 574, 575 (1998); *Colston v. Barnhart*, 146 F. 3d 282, n.5 (5th Cir. 1998). Nevertheless, as previously noted, the third and fourth *Nken* factors do not defeat the stay request in light of above analysis of the first and second "most critical" factors. *See Nken*, 556 U.S. at 434.

7

For above reasons and erring on the side of caution and avoiding duplicative trials, in part, it is reluctantly found that the *Nken* factors favor a stay of instant proceedings pending the appeal to the Fifth Circuit.

New Orleans, Louisiana this 24th day of July, 2025

                                                       United States District Judge